[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR CONTEMPT
On September 10, 1991 the Court heard testimony and legal argument of the parties relative to plaintiff Amylee Picone's motion for the court, inter alia,[1] to find defendant Samuel Picone, Jr. in contempt for his alleged failure to pay to her 60 percent of the value of his pension as required by the January 22, 1991 order of dissolution.
Defendant Samuel Picone, Jr. testified that in view of his financial circumstances at the time of the dissolution and presently, he intends to pay the 60 percent value of his pension after the value of his new residence increases so as to permit a loan against future equity in said residence or upon the application and approval of a new loan from the credit union of which he is a member. Defendant Samuel Picone, Jr. asserts further that neither the order of dissolution nor a proposed judgment prepared by his former counsel specifies the date by which the payment should be made.
The Connecticut Supreme Court has established clearly that a willful failure to comply with any court order may result in a finding of contempt. Faultless inability to comply, however, is a good defense to an allegation of contempt. Mallory v. Mallory, 207 Conn. 48 (1988). Where contempt is found, the court may order the person found in contempt to pay reasonable attorney fees and costs. Mallory, supra.
After carefully reviewing the transcript of the January 22, 1991 order of dissolution this court is unable to find a date by which the payment sought by the plaintiff ought to have been paid. Although the transcript reveals that the trial court contemplated payment from proceeds, if available, from the sale of the marital premises, or cash payment, no such proceeds were available, and the date of the cash payment was not stated. The words of the trial court in this regard are as follows:
 It is understood when I say "sixty-forty" that the husband may maintain his pension plan by essentially paying . . . her share of the pension plan through the proceeds of the house sale; or in the event that the house proceeds are insufficient to accomplish, this, by suitable cash payment.
Transcript, p. 22.
In view of the foregoing this court does not find the defendant in contempt. As the defendant acknowledges, there is a clear obligation that the cash payment be made. The obligation is underscored by this proceeding. Clearly prompt payment will make further proceedings related hereto CT Page 7983 unnecessary, and will save the parties, including the defendant, aggravation and expense.
Clarance J. Jones, Judge
FOOTNOTE